IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   vs.<br><br>ULICES MENDOZA GUIZAR,<br><br>    Defendant.<br>_____<br><br>ULICES MENDOZA GUIZAR,<br><br>    Petitioner,<br><br>   vs.<br><br>USA,<br><br>    Respondent<br>_____/ | CASE NOS. CR F 08-225 LJO 2 and CV-09-1342<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc. 72) |

**INTRODUCTION**

Defendant Ulices Mendoza Guizar ("Mr. Guizar") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Having considered Mr. Guizar's section 2255 motion on the record, this Court DENIES the section 2255 motion, but orders the clerk of court to open a civil rights action on Mr. Guizar's behalf to pursue his medical attention claim.

1

# BACKGROUND

## Charges And Plea Agreement

A July 17, 2008 indictment charged Mr. Guizar with three counts-(1) conspiracy to manufacture, distribute and possess with the intent to distribute marijuana and aiding and abetting; (2) manufacturing marijuana and aiding and abetting; and (3) possession with the intent to distribute marijuana and aiding and abetting.

Mr. Guizar entered into a November 14, 2008 Fed. R. Crim. P. 11(c)(1)(C) Memorandum of Plea Agreement ("plea agreement") by which Mr. Guizar voluntarily agreed to plead guilty to Count Two of the indictment, violation of 21 U.S.C. § 841(a)(1)–manufacture of 1,000 or more marijuana plants. The plea agreement provided Mr. Guizar's knowing and voluntary waiver of his constitutional and statutory rights to appeal his plea and conviction. In addition, Mr. Guizar agreed to waive "his right...to bring any other post-conviction attack on his conviction and sentence. He specifically agree[d] not to file a motion under 28 U.S.C. §2255...attacking his conviction and sentence." Plea Agreement, 3:15-18.

Mr. Guizar acknowledged that he understood that that "in determining his sentence, the Court is required to take into consideration the Federal Sentencing Guidelines" and that the Court "may give him any reasonable sentence above or below the applicable Guidelines range." Plea Agreement, 6:14-19. As to the potential sentence Mr. Guizar faced, the plea agreement advised, in pertinent part:

> The following is the maximum potential sentence which the defendant faces for the conviction as to Count Two:
>
> (a) Imprisonment.
>
>     Mandatory minimum: Ten (10) years.
>     Maximum: Life imprisonment.
> (b) Fine.
>     Maximum: Four million ($4,000,000.00) Dollars

In addition, Mr. Guizar stipulated to the following facts, in pertinent part:

> On June 11, 2008, at approximately 6:30 p.m., Fresno County Sheriff's Department narcotics detectives...served a...search warrant...in Sanger. Initial law enforcement surveillance revealed that the location was being utilized to cultivate marijuana on a large scale.
>
> Following service of the search warrant, detectives found a marijuana growing field with approximately 43,000 live marijuana plants between corn stalks, behind a house on the property. Also located in the field were approximately 10 pounds of dried and processed marijuana.

      During an interview with law enforcement, the defendant provided a post-<u>Miranda</u> statement admitting to being one of the individuals cultivating the marijuana in the field.

Plea Agreement, 5:27-6:12.

      In exchange for his agreement to plead guilty to Count Two of the Indictment, the government agreed to dismiss the remaining counts, recommend a three-level reduction in the computation of the defendant's offense level, and to recommend a sentence at the bottom of the applicable advisory Guideline range.  Plea Agreement, 4.

## Acceptance of the Plea Agreement

      On November 14, 2008, the Court questioned Mr. Guizar about whether he understood the terms of the plea agreement and whether he accepted those terms voluntarily.  Regarding the potential sentence imposed, and whether Mr. Guizar knowingly and voluntarily agreed to the plea agreement, the following exchange occurred:

> THE COURT: All right.  I think that I have your plea agreement in front of me.  And your signature is on the last page.  Do you recognize that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: To me, this means you've had a chance to review this document in its entirety with your attorney and with the help of the interpreter.  And that if you–if you had any questions, they have now been asked, and they have been answered.  Is that true?
>
> THE DEFENDANT: Yes.
>
>       \*\*\*
>
> THE COURT: Was there anything about that factual basis that you did not understand?
>
> THE DEFENDANT: Yes.  Yes, I did understand it.
>
> THE COURT: All right.  And was there anything that you believed was not true?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you understand that the–with regard to the potential sentence in this case, the mandatory minimum that I would be sentencing you is 10 years imprisonment.  The maximum is life imprisonment.  The fine maximum is $4 million fine, or a fine and the imprisonment....Do you understand that?
>
> THE DEFENDANT: Yes.

| | | |
|---|---|---|
| 1 | THE COURT: | And do you understand that you are waiving your right to appeal? |
| 2 | THE DEFENDANT: | Yes. |
| 3 | THE COURT: | Do you have any questions so far? |
| 4 | THE DEFENDANT: | No. |

***

| | | |
|---|---|---|
| 6 | THE COURT: | ...As you stand there right now, do you understand that you can continue to plead not guilty, that's a choice of yours? |
| 7 | THE DEFENDANT: | Yeah, but I don't want to do that. |
| 8 | THE COURT: | I understand. I just have to make sure that you know that you have a choice. |

***

| | | |
|---|---|---|
| 11 | THE COURT: | Is anybody promising you anything other than what's in your plea agreement? |
| 12 | THE DEFENDANT: | No. |
| 13 | THE COURT: | And you understand I'm not part of the plea agreement, so if I don't follow the plea agreement, I don't have to, and you can't take your plea back? |
| 15 | THE DEFENDANT: | Yes. |
| 16 | THE COURT: | And I'm obliged to consider the federal guidelines at sentencing time, but I'm not obligated to follow them, and if I don't, you still can't take your change of plea back. Do you understand that? |
| 18 | THE DEFENDANT: | Yes. |
| 19 | THE COURT: | Do you have any questions at all so far? |
| 20 | THE DEFENDANT: | No. |
| 21 | THE COURT: | Is there any reason I should not now take the change of plea? |
| 22 | Mr. HEUSTON: | No, Your Honor. |
| 23 | MR. COBAR: | No, Your Honor |

Thereafter, the Court accepted Mr. Guizar's guilty plea and set a review of the probation pre-sentence report and sentencing in this matter for a later date.

### Sentencing

The Court conducted an April 3, 2009 sentencing hearing. Mr. Guizar acknowledged to the

1 Court that he had reviewed the pre-sentence report and had no questions about it. The Court
2 acknowledged that the plea agreement changed the applicable offense level to 23, Criminal History
3 Category I, with applicable guideline range of 46-57 months. The Court heard arguments from both the
4 defense and the government. After considering the arguments, the Court ruled as follows:

> THE COURT: Pursuant to the plea agreement, and more specifically, in light of the medical issue, I will give you a slight break here, Mr. Guizar...So pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that you are committed to the custody of the Bureau of Prisons for the term of 46 months.

9 The Court further noted "that there is a medical issue" and the Court that the Bureau of Prisons "will
10 fulfill its responsibility and evaluation and then submission where he is appropriately housed to take care
11 of that."

12 Mr. Guizar filed an appeal with the United States Court of Appeals for the Ninth Circuit on April
13 10, 2009. That appeal is pending. Mr. Guizar filed the instant section 2255 motion on July 27, 2009.

**Section 2255 Motion**

15 Mr. Guizar claims that his plea was not intelligent because, at the time he entered his guilty plea,
16 he understood that he would receive one or two years of jail time and did not understand that he would
17 receive 46 months. Mr. Guizar contends that this plea was not voluntary because the only reason he
18 accepted the plea was because his lawyer told him that if were to fight his case, he would get a minimum
19 sentence of 10-15 years, and that he would have little opportunity to win. Mr. Guizar appears to dispute
20 some facts of the indictment, notwithstanding the stipulated facts to which he agreed in his plea
21 agreement and at the change of plea. Mr. Guizar appears to claim ineffective assistance of counsel, on
22 grounds that his counsel failed to tell the Court that Mr. Guizar was confused about the plea agreement
23 and failed to tell the Court that he was a police officer in Mexico. Finally, in a letter attached to the front
24 of his motion, Mr. Guizar writes:

> This is to let the court and also to the lawyer who represent my case at court I like to let the court know that inside the institution I am in now don't have the medical attention that the judge from court recommendet [sic] at the time of sentence due to my kidneys problem and I am afraid this is going to get even worse, the defendant ask the court with all respect to assign the defendant a lawyer on this motion...

28 ///

**DISCUSSION**

**Voluntary and Intelligent Plea**

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences...must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

Mr. Guizar agreed to the plea agreement voluntarily and intelligently. Mr. Guizar acknowledged that he was aware of the direct consequence of his plea, in both written and oral form. In this motion, Mr. Guizar acknowledges that he understood that if he did not take the plea agreement, he faced a minimum mandatory sentence of 10 years imprisonment, and entered into the agreement with that knowledge. In the written plea agreement, Mr. Guizar acknowledged and agreed that the statutory minimum of imprisonment was 10 years, unless he met certain requirements. At the time of the oral plea, Mr. Guizar stated under oath that he was entering into the plea of guilty voluntarily, all of his questions had been asked and answered, he understood the factual basis of the plea agreement and there was nothing that he believed was not true. He further stated that he understood the written agreement, and that sentencing was at the discretion of the Court. Thus, under *Brady*, Mr. Guizar's plea must stand, as his plea was voluntary and intelligent.

**Waiver**

Mr. Guizar's waiver to attack collaterally his sentence with a section 2255 motion precludes Mr. Guizar's claims, if any, related to his sentence. A plea agreement is a contract and subject to contract

law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 motion unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Mr. Guizar's waiver of his appeal and collateral attack rights, as part of Mr. Guizar's knowing and voluntary plea agreement, is valid. When reviewing his plea in open court, Mr. Guizar affirmed his desire to be bound by the terms of the plea agreement. Because Mr. Guizar waived his right to attack collaterally his sentence in a section 2255 motion, Mr. Guizar is precluded to raise such issues in this section 2255 motion which do not relate to the performance of his attorney or voluntariness of waiver. *See Abarca*, 985 F.2d at 1013.

Because Mr. Guizar's voluntary and intelligent plea may not be attacked collaterally, and because Mr. Guizar waived his right to attack collaterally his sentence with a section 2255 motion, "it plainly appears from the face of the motion...that the movant is not entitled to relief." *U.S. v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987). Accordingly, this Court "*must* dismiss" Mr. Guizar's section 2255 motion. *Id.* (emphasis in original).

**Ineffective Assistance Of Counsel**

Mr. Guizar claims ineffective assistance of counsel regarding his sentence. Although his section 2255 motion is unclear, Mr. Guizar appears to claim that he expected a lower sentence. A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F. 3d at 433. As such, this Court scrutinizes Mr. Guizar's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the

1   circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267,
2   1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998).  A defendant must
3   demonstrate that counsel's performance was deficient and that counsel made errors so serious not to
4   function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.  A defendant
5   must identify counsel's alleged acts or omissions that were not the result of reasonable, professional
6   judgment considering the circumstances.  *Strickland*, 466 U.S. at 690, *United States v. Quintero-*
7   *Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996).  There
8   is a strong presumption that counsel's performance fell within the wide range of professional assistance.
9   *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S.
10  at 689, 104 S.Ct. at 2065).  Judicial scrutiny of counsel's performance is highly deferential.  *Strickland*,
11  466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348.

12      The second factor for court consideration is whether the petitioner has proven prejudice
13  affirmatively. *Strickland*, 466 U.S. at 693.  Prejudice occurs when "there is a reasonable probability that,
14  but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at
15  694.  A reasonable probability is "a probability sufficient to undermine the confidence in the outcome."
16  *Id*.  In addition, the court can find prejudice only when the outcome would have been different without
17  counsel's errors.  *See Lockhart*, 506 U.S. at 369-370.  A court must also evaluate whether the entire
18  proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness.  *See Lockhart*,
19  506 U.S. at 369-370; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461
20  (9th Cir. 1994).

21      A court need not determine whether counsel's performance was deficient before examining the
22  prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697.
23  Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily
24  fail.

25      In essence, Mr. Guizar appears to fault his counsel for failure to secure a lower sentence in that
26  he appears to claim he would not have pled guilty if he had known his ultimate sentence.  Such claim
27  is without merit in that Mr. Guizar, with his counsel, negotiated the 46-month sentence, *less than half*
28  of the 10 year mandatory minimum for the offense to which Mr. Guizar pled guilty.  Mr. Guizar offers

nothing meaningful to demonstrate erosion of his Sixth Amendment right to counsel or that counsel's conduct prejudiced him. There is no evidence that defense counsel made any errors, let alone errors so serious not to function as Sixth Amendment guaranteed counsel. Accordingly, Mr. Guizar's ineffective assistance of counsel claim fails.

### Medical Assistance and Conditions of Confinement

To the extent Mr. Guizar's motion seeks recourse for the conditions of his confinement, including medical attention for his health issues, Mr. Guizar fails to state a claim for section 2255 relief. However, Mr. Guizar may proceed with a prisoner civil rights action to address those concerns. Accordingly, this Court shall order the clerk of this court to open a civil rights action on behalf of Mr. Guizar. Mr. Guizar's claim shall be screened and shall proceed according to normal court procedures related to pro se prisoner civil rights claims.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES Mr. Guizar's section 2255 relief (Case No. CR F 08-225 LJO 2 Doc. 72);
2. DIRECTS the clerk to close Case No. CV F 09-342;
3. DIRECTS the clerk to open a civil rights action in the name of Mr. Guizar to allow Mr. Guizar to pursue his medical attention issue.

IT IS SO ORDERED.

Dated:   August 3, 2009                    /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE