# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULICES MENDOZA GUIZAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant.<br>_____ / | CASE NO. 1:09-cv-01372-GSA PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 11) |

　　　Plaintiff Ulices Mendoza Guizar is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. On September 30, 2009, Plaintiff filed an amended complaint in compliance with the Court's order of September 8, 2009. In his amended complaint, Plaintiff alleges that the California City Correctional Center has an inmate appeal process but that he has not yet filed an appeal concerning his claims in this action, and that the process is not exhausted.

　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

1 Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies
2 to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).
3 "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought
4 in court." Jones, 549 U.S. at 211 (citing Porter, 435 U.S. at 524).  Because it is clear from the face
5 of Plaintiff's amended complaint that he has not yet exhausted, this action must be dismissed.  42
6 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession
7 to nonexhaustion is a valid grounds for dismissal . . . .").  Accordingly, the action HEREBY
8 ORDERED DISMISSED, without prejudice, based on Plaintiff's failure to comply with 42 U.S.C.
9 § 1997e(a) by exhausting his claims prior to filing suit.

13     IT IS SO ORDERED.
14     Dated:   **October 5, 2009**                    /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE